PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE PHILLIPS, | ) | |
| | ) | CASE NO.  3:18CV2556 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WANZA JACKSON-MITCHELL,[1] | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 1] |
| | ) | |

Petitioner Terrance Phillips[2] filed a *pro se* Petition for a Writ of Habeas Corpus pursuant

to 28 U.S.C. § 2254 challenge the constitutional sufficiency of his March 24, 2016, convictions

and April 13, 2016 sentence of 41.5 years in the cases of *State v. Phillips*, Wood County Court of

Common Pleas Case Nos. 2015-CR-0349 and 2015-CR-0388.  ECF No. 1.

---

[1] According to the Ohio Department of Rehabilitation & Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A725046  (last visited May 24, 2021)), Petitioner is now confined at the Warren Correctional Institution.  The Warden of that institution, Wanza Jackson-Mitchell, has been substituted as Defendant.

[2] As noted *supra*, n.1, Petitioner has new address.  Petitioner has failed to provide the court with his current address.  It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address.  *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).  The Clerk of Court shall update Plaintiff's address before serving him with this Order.

(3:18CV2556)

This case was referred for preparation of a report and recommendation to a magistrate judge of this District pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  On November 10, 2021, the magistrate judge issued a Report and Recommendation.  ECF No. 22.  The magistrate judge recommends that the Court deny the habeas petition because the sole ground for relief, Plaintiff's argument that his federal speedy trial rights have been violated, lacks merit.  *Id*. at PageID #: 835-39.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service.[3]  Plaintiff timely sought, and received, an extension of time to object, and filed a timely objection on November 30, 2020.  ECF No. 25.

I.

The Court presumes the parties' familiarity with this case and its background, which is set forth in detail in the Report and Recommendation.  ECF No. 22.  The Court discusses only the facts necessary to resolve Petitioner's objection.

Ohio law generally requires that "[a] person against whom a charge of felony is pending … [s]hall be brought to trial within two hundred seventy days after the person's arrest."  O.R.C. §2945.71(C)(2).  As relevant here, that same statute further provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."  O.R.C. § 2945.71(D).  Petitioner was held in jail for each of the 210 days between his arrest and trial, and his primary argument, both in his petition and in his objection, is that he should have been tried within 90 days.

---

[3] Under Fed. R. Civ. P. 6(d), 3 days are added to the 14-day time period because Petitioner was served a copy of the Report by mail.  *See Thompson v. Chandler*, 36 Fed. App'x. 783, 784 (6th Cir. 2002).

2

(3:18CV2556)

As the state appellate court explained when Petitioner presented this argument to it: "[T]he triple-count provision of R.C. 2945.71(E) was not applicable to Phillips, based upon the existence of a parole holder from the state of Michigan.  Phillips was tried within the 270 day limit and, therefore, there was no [Ohio statutory] speedy trial violation."  ECF No. 9-1 at PageID #: 372.

II.

The Report and Recommendation correctly notes that Petitioner cannot bring a successful §2254 petition based on disagreement regarding how Ohio state courts, including the one which heard his earlier appeals, applied a state statute.  ECF No. 22 at PageID #: 835-37.  It also correctly notes that a delay of 210 days between arrest and trial does not constitute a speedy trial violation under the Federal Constitution.  Id. at PageID #: 837-39.

When objections have been made to the magistrate judge's Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  The district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Id.

Petitioner's only direct attack on the Report and Recommendation is his assertion that:

> The Ohio court and the Magistrate Judge are attempting to issue forth a ruling that's contrary to a decision enforced by the United States Supreme court, in Morrissey v. Bewer 408 U.S. 471 (1972) (HN16).  The Supreme court held that the Due process clause entitles a parolee to two hearings.  The first must be held promptly after arrest, and detention for an alleged parole violation.  It is a prompt "preliminary hearing" to determine whether there is probable cause or reasonable ground to believe that an arrested parolee has committed acts that would constitute a violation of parole conditions.

ECF No. 25 at PageID #: 845 (sic).

3

(3:18CV2556)

### III.

A liberal reading of Petitioner's argument is that of a Due Process claim regarding the issuance of the Michigan parole detainer. When "a state adopts its own rules or standards, even if voluntary and beyond the requirements of the federal constitution, the state must obey due process in applying or deviating from these rules." *Johnson v. Overberg*, 639 F.2d 326, 327 (6th Cir. 1981). This analysis applies to the application of Ohio's speedy trial statute. *Id.*

Assuming, without deciding, that such a Due Process argument was properly presented in Petitioner's initial papers in this District, and has not been procedurally defaulted, it still lacks merit. The settled law of this Circuit is that *Morrissey* does not require a hearing under these circumstances. Accordingly, there can be no valid argument that the Ohio courts have gone so far as to have unreasonably applied the Federal 14th Amendment in their application of Ohio's speedy trial statute in the way Petitioner argues.

*Morrisey* acknowledges that a parolee is "usually" arrested and detained "at the direction of his parole officer." 408 U.S. at 472. That is consistent with what happened here, the Parole Violation Warrant was issued upon a finding by a Deputy Director of Field Operations Administration for the Michigan Department of Corrections. ECF No. 9-1 at PageID #: 353. *Morrisey* does not require a pre-arrest hearing, and so nothing in the *issuance* of the detainer could be said to run afoul of *Morrisey*. Rather, in the normal course, *Morrisey* requires a hearing shortly *after* arrest, a "preliminary hearing," and a second hearing at the time of parole renovation, a final hearing. 408 U.S. at 485-89.

A liberal reading of Petitioner's objection is that he believes he was deprived of the preliminary hearing because the Michigan detainer was used as a basis to either detain him longer, or to otherwise deprive him of his right to an earlier trial under Ohio law. The Sixth

4

(3:18CV2556)

Circuit, however, has long held that when a parolee "has been bound over to the Grand Jury by a state judicial officer[,]" he is only entitled, under *Morrisey*, to a final hearing, within a reasonable time, but *not* a preliminary hearing.  *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633, 636 (6th Cir. 1976).  The Sixth Circuit has explained that parole authorities "should not be required to travel outside of [their state] and conduct parole revocation hearings in a foreign jurisdiction every time a parolee commits a new crime in another State. This would impose real inconvenience and hardship on the [parole authority] as well as subject the State to considerable unnecessary expense. We are not willing to enunciate such a rule[.]" *Id.* at 636.

Petitioner was charged, for the first set of offenses, by a grand jury on August 20, 2015, ECF No. 22 at PageID #: 826, the same day that the Michigan Department of Corrections sent its August 16, 2015, parole violation warrant to the Wood County Jail, ECF No. 9-1 at PageID #: 352-53.  Furthermore, Petitioner was charged again by a grand jury, for the trespassing offenses, on September 17, 2015.  ECF No. 22 at PageID #: 827.  Under these circumstances, Petitioner had no right to a hearing addressing only the parole detainer.

IV.

Accordingly, the Court overrules Petitioner's objection to the Report and Recommendation and adopts the Report and Recommendation.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


 May 24, 2021                                                          /s/ Benita Y. Pearson
 Date                                                                    Benita Y. Pearson
                                                                         United States District Judge

5